**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. NORMA G. GALINDO,  an individual,    ) | |
|           ) | |
|       **Plaintiff,**      ) | |
| v.                 ) | **Case No.  15-CV-346-JED-PJC** |
|           ) | |
| 1. PRICE EDWARDS & COMPANY, d/b/a  ) | |
| Pomeroy Park Apartments, a domestic  ) | |
| partnership,          ) | |
|           ) | |
|       **Defendant.**     ) | |

**PLAINTIFFS' FED.R.CIV.P. 41(a)(2) MOTION TO DISMISS**
**WITHOUT PREJUDICE**

**COME NOW** the Movant, Charles C. Vaught of Armstrong & Vaught, P.L.C. ("A&V"),

and hereby moves this Court to dismiss all claims of the Complaint without prejudice pursuant to

Fed.R.Civ.P.  Rule 41(a)(2).  In support of this Motion, Movants state as follows:

1.      Plaintiff contracted with A&V in October 2013 to represent her on claims of racial

discrimination in violation of Title VII.

2.      Movant represented Plaintiff in administrative claims before the Equal Employment

Opportunity Commission ("EEOC").  The parties participated in a mediation which was

unsuccessful.

3.      The Notice of Right to Sue ("RTS") was received from the EEOC on June 3, 2015.  Movant

forwarded the RTS letter to the Plaintiff, who advised that she wanted to pursue her claims

in Federal Court.

4.      On June 23, 2015, the Complaint [ECF #2] was filed with this Court.  Movant forwarded the

complaint to the Plaintiff and scheduled a meeting for June 30, 2015 to discuss the service

1

of the Complaint and the litigation process. Due to scheduling conflicts, Plaintiff rescheduled the appointment for July 22, 2015, which she failed to attend.

5.    Movant attempted to contact Plaintiff by telephone numerous times without success.  On July 31, 2015, August 12, 2015 and September 8, 2015, Movant sent Plaintiff letters requesting that she to contact A&V or Movant would have no alternative but to withdraw from her case for failure to cooperate.

6.    On September 11, 2015, Movant obtained service of the Complaint on Defendant in order to comply with the Fed.R.Civ.P. Rule 4(m) and preserve Plaintiff's claims. [ECF # 4]

7.    Movant has made further attempts to contact Plaintiff by telephone, to no avail.

8.    Defendant has obtained counsel and filed its Answer on October 2, 2015. [ECF # 6]

9.    Movant cannot adequately represent Plaintiff without her cooperation.   Under these facts, allowing Movant to withdraw and dismiss this litigation without prejudice appears to be the most economical resolution to this dispute.

### Argument & Authorities

"Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals after the opposing party has filed an answer or motion for summary judgment." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).  Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions." *Id.*  "Accordingly, courts generally allow dismissal without prejudice unless the defendant will suffer some plain legal prejudice." *Wimber by and thru Wimber v. Dept. S.R.S.*, 156 F.R.D. 259, 261 (D. Kan. 1994). Dismissal under Rule 41 rests in the sound discretion of the Court.  *Clark*, 13 F.3d at 1411.

"Federal Rule of Civil Procedure 41(a)(2) permits a court to dismiss an action without

2

prejudice upon such terms and conditions as the court deems proper." *American Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).  Under this rule, conditions can be imposed "to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Id*.  However, "[t]he district court should impose only those conditions which actually will alleviate harm to the defendant."  *Id*.; see *Clark*, 13 F.3d at 1411 ("When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.")

"Neither the mere prospect of a second lawsuit nor a tactical advantage to the plaintiff amount to legal prejudice." *Wimber*, 156 F.R.D. at 261.  The factors to consider in assessing legal prejudice include: the defendants' effort and funds expended towards preparing for trial; the plaintiff's undue delay or lack of diligence in prosecuting the action; the adequacy of the plaintiff's explanation for needing to dismiss; the plaintiff's diligence in moving to dismiss; the present stage of litigation; and duplicative expenses involved in a second likely lawsuit.  *Id.*  To successfully oppose a plaintiff's request for voluntary dismissal, the defendant must establish that the dismissal would work harm "manifestly prejudicial" to it.  *Id.*; *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

In evaluating a request to dismiss without prejudice under Rule 41, "the district court should endeavor to ensure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but those facing the plaintiff." *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002).  The factors, taken as a whole, do not support that Defendants will suffer prejudice of any sort if dismissal is permitted.  Since Counsel for Defendant has only filed an entry of appearance and answer, Defendant has not expended much

3

effort in defending this litigation to date.  Also, Counsel for Plaintiff has been diligent in pressing

to dismiss this action as soon as it became apparent that dismissal was warranted.   This dispute is

far from moving toward trial, as no discovery has been exchanged by the parties and no depositions

were completed.

       **WHEREFORE**, Movant requests dismissal of all claims without prejudice so as to permit

Plaintiff the opportunity to obtain new counsel and re-open this action.

                         Respectfully submitted,

                         */s/ Charles C. Vaught*
                         Charles C. Vaught, OBA # 19962
                         **ARMSTRONG & VAUGHT, P.L.C.**
                         2727 East 21st Street Suite 505
                         Tulsa, Oklahoma    74114
                         (918) 582-2500  Telephone
                         (918) 583-1755  Fax
                         **ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

       I hereby certify that on the 12th day of November, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System from filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jefferson I. Rust        jeffr@trmglaw.com
Kelly J. Kress         kellyk@trmglaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by regular U.S. Mail on this 12th day of November, 2015 to :

Ms. Norma Galindo
10217 E. 4th Street
Tulsa, OK 74128
918-982-8104


/s/ Charles C. Vaught
Charles C. Vaught

5